IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARCUS DEANGELO LEE,
A/K/A MARCUS DEANGELO JONES,

    Petitioner,

    v.                                      CASE NO. 19-3029-JWL

NICOLE ENGLISH,
Warden, USP-Leavenworth,

    Respondent.

**ORDER**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. At the time of filing, Petitioner was in federal custody at USP-Leavenworth ("USPL"). Petitioner proceeds *pro se* and *in forma pauperis*. Petitioner alleges that the Bureau of Prisons ("BOP") denied him a "pre-parole/pre-release like setting" or a quantum change in custody in violation of federal law and due process, in retaliation, and based on false and inaccurate information in his Inmate Central File. On August 19, 2019, the Court entered a Memorandum and Order (Doc. 25) denying the Petition and dismissing Petitioner's retaliation claim and any claim he asserts regarding his security classification.

On September 3, 2019, Petitioner filed a Motion to Reconsider or in the Alternative Notice of Appeal (Doc. 27). Petitioner moves the Court "to reconsider its order of August 19, 2019, (Docket No. 25), denying Petitioner's Request for Habeas Corpus." In the alternative, Petitioner gives his notice of appeal. The motion fails to set forth any argument regarding his motion to reconsider.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a).

Because Petitioner's motion was filed within 28 days after the entry of the order and judgment, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to rehash arguments that have been addressed or to present supporting facts that could have been presented in earlier filings. *Id.* Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R.59(e) is rare).

Petitioner's motion fails to set forth any argument or reasoning as to why this Court should alter or amend its judgment. Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Petitioner's motion to alter or amend the Court's August 19, 2019 Order and Judgment is denied, and that ruling stands.

Petitioner's motion was also docketed as a Notice of Appeal (Doc. 28). Petitioner has not submitted the appellate filing fee of $505.00. The Court directs Petitioner to submit the filing fee or a motion to proceed on appeal *in forma pauperis* to the Clerk of the Court on or before October 4, 2019.

**IT IS THEREFORE ORDERED THAT** Petitioner's Motion to Reconsider (Doc. 27) is

**denied**.

IT IS FURTHER ORDERED THAT Petitioner shall submit the appellate filing fee or a motion to proceed on appeal *in forma pauperis* to the Clerk of the Court on or before **October 4, 2019.**

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 4th day of September, 2019.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**